Matter of Knehnetsky (Commissioner of Labor) (2025 NY Slip Op 03851)

Matter of Knehnetsky (Commissioner of Labor)

2025 NY Slip Op 03851

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-24-1139
[*1]In the Matter of the Claim of Raymond Knehnetsky, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Raymond Knehnetsky, Centereach, appellant pro se.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 2023, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant was employed at a church and at a school affiliated with the church. Claimant was also employed as a musician for a touring singer. On June 3, 2020, after he was laid off from his job as a musician for the singer at the outset of the COVID-19 pandemic, he filed a claim for unemployment insurance benefits while continuing to work at the church and school. Claimant then certified online for benefits for the weeks ending June 4, 2020 through September 12, 2021 and indicated that, during each of the weeks in question, he worked zero days and did not earn more than the weekly benefit rate. As a result of his certifications, claimant received unemployment insurance benefits for the period in question, as well as federal pandemic unemployment compensation (hereinafter FPUC) (see 15 USC § 9023) and pandemic emergency unemployment compensation (hereinafter PEUC) (see 15 USC § 9025).
By notice of determination dated May 1, 2023, the Department of Labor found that claimant was ineligible to receive benefits from June 1, 2020 to September 12, 2021 upon the ground that claimant was not totally unemployed due to his employment with the school. On May 26, 2023, the Department issued a determination finding claimant ineligible to receive benefits for the same time period upon the ground that he was not totally unemployed due to his employment with the church. On August 8, 2023, the Department issued a revised determination as to claimant's employment with the church, finding that claimant was ineligible to receive benefits upon the ground that claimant was not totally unemployed and/or earned more than the maximum weekly benefit rate during the claim period. Based upon his employment at the school and church, claimant was also charged with a recoverable overpayment of the FPUC and PEUC benefits, and, in light of a finding that claimant made willful misrepresentations in order to obtain benefits, both a monetary penalty and a forfeiture of future benefit days were imposed. Following a hearing, an Administrative Law Judge, in a combined decision, upheld the determinations. Upon review, the Unemployment Insurance Appeal Board affirmed that part of the Administrative Law Judge's determination regarding claimant's employment with the church and, since the recoverable overpayments of benefits and the monetary and forfeiture penalties were identical in the determination involving claimant's employment with the school, the Board chose not to review that part of the determination. Claimant appeals.
"Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Chin [Commissioner of Labor[*2]], 211 AD3d 1263, 1264 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Martin [Commissioner of Labor], 228 AD3d 1201, 1201-1202 [3d Dept 2024]). Given the record evidence, including claimant's testimony, that claimant was working for the church during the period of time that he certified for benefits and that the salary he was receiving exceeded the maximum weekly benefit rate (see Labor Law § 590 [5]), the Board's determination that he was ineligible for unemployment insurance benefits because he was not totally unemployed is supported by substantial evidence (see Matter of Svarczkopf [Commissioner of Labor], 233 AD3d 1117, 1118-1119 [3d Dept 2024]; Matter of Stoddard [Farm Family Cas. Ins. Co. Corp.-Commissioner of Labor], 228 AD3d 1198, 1199 [3d Dept 2024]). As such, claimant was not eligible for federal pandemic assistance and, therefore, the FPUC and PEUC benefits paid to him were properly recoverable (see Matter of Lauriello [Commissioner of Labor], 213 AD3d 1129, 1131 [3d Dept 2023]; Matter of Chin [Commissioner of Labor], 211 AD3d at 1264).
"As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204-1205 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant argues that his misrepresentations were not willful because he was confused and believed that his certifications only applied to the job that he had lost. "Still, a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Bano [Commissioner of Labor], 233 AD3d 1287, 1289 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Canonico [Commissioner of Labor], 217 AD3d 1307, 1308 [3d Dept 2023]). Inasmuch as claimant admitted that he was working for another employer during the time he certified for benefits, the Board's finding that he made willful misrepresentations to obtain benefits is supported by substantial evidence (see Matter of Canonico [Commissioner of Labor], 217 AD3d at 1309; Matter of Cruz [Commissioner of Labor], 215 AD3d at 1205).
Claimant contends that the Department should be equitably estopped from recovering his benefit payments because both the church and the school informed the Department of claimant's employment status during the time claimant was certifying for benefits. We disagree. "The doctrine of estoppel will be applied against governmental agencies only in exceptional cases in which there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Matter of Bano [Commissioner of Labor], 233 AD3d at 1288 [internal quotation marks and citations omitted]; see Matter of Svarczkopf [Commissioner [*3]of Labor], 233 AD3d at 1119 n 2). That the Department, prior to issuing an initial determination on the claim, conditionally paid benefits to claimant based upon his certifications that he was not working at the time, despite the fact that the church and school provided contrary information (see Labor Law § 597 [2], [3], [4]), does not, in our view, constitute fraud, misrepresentation, deception or similar misconduct on behalf of the Department warranting the invocation of the doctrine of estoppel. Finally, due to claimant's willful misrepresentations, the one-year limitation on revising benefit determinations under Labor Law § 597 (3) is inapplicable (see Matter of Svarczkopf [Commissioner of Labor], 233 AD3d at 1120-1121; Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]. Claimant's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.